McNULTY, Judge.
In this appeal from a final judgment in favor of plaintiffs-appellees, Keegan and Hines (counterdefendants below), on the grounds that defendants-appellants (coun-terclaimants) were guilty of laches, we revisit a case which we reversed on a prior appeal[1] and remanded for further proceedings. We hold that the lower court misapprehended our prior opinion and reverse.
This cause originally commenced when Keegan and Hines filed an action for foreclosure of two purchase money mortgages on which appellants were the mortgagors. Appellants answered and filed a counterclaim alleging a deficiency in the acreage and praying for a refund of the amount allegedly overpaid by them to plaintiffs. Plaintiffs filed affirmative defenses to the counterclaim, including laches. The case was tried and the trial court entered its first final judgment herein in favor of plaintiffs for foreclosure of the mortgages and against appellants on their counterclaim.
Appellants then took an appeal to this court which reversed and remanded, holding that the purchase price should be rat-ably reduced at the rate of $475 per acre and that the final judgment of foreclosure should be set aside. The opinion stated that “[tjhere is no dispute as to the acreage within each of the boundary lines . . ” since appellants’ proofs at trial had established that approximately 179 acres, or about 40% of the property sought to be conveyed, were owned by the State of Florida. We determined, therefore, that “the sellers [Keegan and Hines] attempted to sell a substantial tract of land which they did not own” and that the purchasers, appellants, ought not be required to pay the full purchase price. We remanded with directions to the lower court to “enter such further judgment concerning refund as shall seem just . . ..”
On remand, the trial court took no additional testimony; but he entered final judgment denying appellants’ counterclaim for the refund, finding that appellants were not entitled to any refund because of “laches” in failing to take action when first told that a discrepancy in the acreage might exist. This appeal ensued. Keegan and Hines have filed certain cross-assignments.
We are of the view that the issues raised by the instant appeal and the cross-appeal were fully presented and determined by this court’s decision in the earlier appeal.[2] The trial court misconstrued that opinion and the mandate which, in effect, merely required computation of the refund due appellants by multiplying the true acreage by the per acre price and the entry of a final judgment in favor of appellants on their counterclaim in that amount. The issue of laches, which the trial court ruled on in entering final judgment in favor of appel-lees on remand, was no longer an open question at that time.
In any case, assuming arguendo that laches was properly triable on remand, the record affirmatively shows that Keegan and Hines were paid in full as to all sums legally due them at the time of the alleged dereliction on the part of appellants. That is to say, while the two mortgages were indeed in default, the installments already paid at the time of the foreclosure exceeded the amount really due when the true purchase price for the acreage actually sold is ratably computed. It follows, therefore, that the failure of appellants to take action when first told of a possible discrepancy in the acreage could not possibly have injured *595 Keegan and Hines. Stated otherwise, they suffered no change of position to their detriment, a prerequisite to a laches defense.
The cross-appeal is without merit.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C. J., and HOBSON, J., concur.

. St. Jude Harbors, Inc. v. Keegan, 295 So.2d 141 (Fla.2d DCA 1974).

. Id.